UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No._____–Civ–_____/_____

MALIKA CARTER,

    Plaintiff,

vs.

CELEBRITY CRUISES INC.,

    Defendant.

_____/

## COMPLAINT

Plaintiff, Malika Carter, sues Defendant, Celebrity Cruises Inc., and alleges:

### A. Summary of Case

1. This is a personal-injury/negligence case brought by a cruise-ship passenger against a cruise line. The Plaintiff alleges she swallowed small pieces of broken glass that were in the food she was served in the ship's dining room.

### B. Basis for Jurisdiction and Venue

2. This case falls within the Court's diversity-of-citizenship jurisdiction because:

    (a)    the Plaintiff is a citizen of New York,

    (b)    the Defendant is a corporation incorporated under the laws of the Republic of Liberia, and the Defendant's principal place of business is in Florida, and

    (c)    the amount in controversy, without interests and costs, exceeds $75,000.

3. This case has been filed in this district because the Plaintiff's cruise ticket contains a forum-selection clause that says that actions such as this may be filed only in the United States District Court in Miami, Florida.

### C. Maritime Law

4. This case is governed by general maritime law.

### D. One Count of Negligence

5. On or about January 7, 2020, the Plaintiff was a fare-paying passenger aboard the *Celebrity Reflection*, a cruise ship owned and operated by the Defendant.

6. At that time and place the Defendant owed the Plaintiff a duty of reasonable care under the circumstances.

7. The Defendant's duty of care includes a duty not to serve food containing glass.

8. At that time and place, in the Opus Dining room, on or around Deck 3, the Defendant breached its duty of care toward the Plaintiff when they served the Plaintiff food containing small pieces of broken glass.

9. Under the doctrine of res ipsa loquitur, an inference arises that the Defendant acted negligently because:

    (a) the Plaintiff was without fault,

    (b) the instrumentalities that caused the Plaintiff's injuries were under the exclusive control of the Defendant, and

    (c) this event (glass concealed in food) is of a type that ordinarily does not occur in the absence of negligence.

10. As a result of the Defendant's negligence, the Plaintiff was injured when she swallowed pieces of glass that were concealed in her food.

11. As a result of the Defendant's negligence, the Plaintiff suffered bodily injury and resulting pain and suffering, disability, physical impairment, disfigurement, mental anguish, inconvenience, loss of capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, and aggravation of a previously existing condition. The losses are either permanent or continuing and the Plaintiff will suffer these losses in the future.

12. The Plaintiff has performed all conditions precedent to be performed by her, or the conditions have occurred.

Therefore, the Plaintiff demands judgment against the Defendant for more than $75,000

in damages, and costs, and the Plaintiff demands a jury trial.

Dated: December 4, 2020          Respectfully submitted,

                                     David W. Singer (Florida Bar No. 306215)
                                     dsingeresq@aol.com
                                     Peter G. Walsh (Florida Bar No. 970417)
                                     pwalsh@1800askfree.com
                                     David W. Singer & Associates, PA
                                     1011 South Federal Highway
                                     Hollywood, FL  33020
                                     Tel: (954) 920-1571
                                     Attorneys for the Plaintiff, Malika Carter